IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINA T. GREENE,            )
    Plaintiff,             )
                             )
v.                           ) CIVIL ACTION NO. 1:22-00078-JB-N
                             )
CUBE HUB *and*               )
KIMBERLY CLARK,              )
    Defendants.            )

## REPORT AND RECOMMENDATION

This civil action is before the Court on the motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2), filed by the Plaintiff, **REGINA T. GREENE**, who is proceeding without counsel (*pro se*). The assigned District Judge has referred the IFP motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/23/2022 electronic reference).

Authority for granting a plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915, which provides as follows:

> [Subject to inapplicable exceptions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).[1] "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986),[2] and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915…However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (quotation omitted)).

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89…The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez*, 364 F.3d at 1307 (footnotes omitted

"A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished)[3] (citing *Martinez*, 364 F.3d at 1307-08). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from

---

[3] "Unpublished opinions [of the Eleventh Circuit Court of Appeals] are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).[4] "Federal Courts have frequently

---

[4]  Most cases considering the ability of someone else to pay these costs for a putative pauper focus on whether those costs can be borne by a close family member—such as a spouse, parent, an adult sibling, or other next friend. *E.g., Williams*, 455 F. Supp. at 209; *see also Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases); *but see Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from **those who ordinarily provide the applicant with the 'necessities of life,'** such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)), *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from **any other individual**." (emphasis added)), *and Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of **interested persons**, such as spouses and parents." (citation omitted and emphasis added)).

The undersigned requires this inquiry when it appears likely that a plaintiff's primary means of support is through such an individual. *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]t is an abuse of discretion to deny an IFP application based upon a spouse's financial resources, unless there is a reasonable inquiry into (a) whether the spouse's resources are actually available to the would-be

recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) (emphasis added); *accord Fridman*, 195 F. Supp. 2d at 537; *Williams*, 455 F. Supp. at 208-09; *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of interested persons, such as spouses and parents." (citation omitted)).

By order dated and entered February 24, 2022 (Doc. 3), the undersigned found that the representations in Greene's IFP motion (Doc. 2), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, failed to demonstrate that she is "unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependent[]" "because of [her] poverty." *Martinez*, 364 F.3d at 1307. As the February 24 order explained, while Greene is currently unemployed, she is also receiving $1,139 per month in Social Security benefits and $496 per month in unemployment benefits, for a total monthly income of $1,635. She contributes up to $300 a month to support her dependent child, and pays a total of $600 a month towards various consumer debt, leaving about $735 a month after those obligations are paid. While Greene states she uses the remainder of her Social Security and unemployment benefits to pay for her basic living needs, she also receives unspecified "family

---

plaintiff and (b) whether the spouse in fact has sufficient funds, given his or her own expenses, to assist in paying the fee.").

assistance" and "charitable donations/contributions." Greene also reports having $2,000 cash on hand, and owns substantial assets—her fully paid-for homestead valued at $220,000; and two vehicles valued at $30,000 each.

Based on this information, the undersigned determined that requiring Greene to pay the $402 filing fee for this action up front will not cause her undue hardship.[5] Accordingly, the undersigned ordered Greene to pay the full filing fee for this civil action to the Clerk of Court no later than March 18, 2022 (*see* Doc. 3, PageID.34), advising her that failure to do so would result in entry of a recommendation to the Court that Greene be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* unless Greene pays the filing fee within the time period for objections to the recommendation. *See* (Doc. 3, PageID.34-35); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial."). To date, the copy of the February 24

---

[5] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Apr. 11, 2022).

order mailed to Greene at the address she provided the Court has not been returned as undeliverable, the Clerk of Court has not received the filing fee for this action, and Greene has not otherwise responded to the February 24 order.

## II.  *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that, *unless* Greene pays the $402 filing fee to the Clerk of Court within the time period for objections to this recommendation:

- Greene's IFP motion (Doc. 2) be **DENIED**,

- this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's order to pay the filing fee,[6] and

- final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

---

[6] *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Brutus v. IRS*, 393 F. App'x 682, 683 (11th Cir. 2010) (per curiam) (unpublished) ("the district court may *sua sponte* dismiss a case under Rule 41(b)" (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of April 2022.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**